IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-421-BR

| | |
|---|---|
| KANDIDA M. ECHOLS and OSCAR W. ECHOLS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )     O R D E R |
| | ) ) |
| ACCREDITED HOME LENDERS and KELLAM & PETTIT, P.A., Attorneys at Law, Substitute Trustee, | ) ) ) ) |
| Defendants. | ) |

This matter is before the court on the motion of defendant Kellam & Pettit, P.A. ("Kellam") to dismiss plaintiffs' complaint against it pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5), as well as 12(b)(6). Despite having been served with notice of the motion, plaintiffs have not filed a response and the time for filing has expired. Accordingly, this matter is ripe for disposition.

On 5 October 2007, plaintiffs brought this action in Wake County court against defendants Accredited Home Lenders and "Kellam & Pettit," alleging a number of claims relating to the foreclosure of their residence. On 30 October 2007, defendants removed the case to this court pursuant to the court's federal question jurisdiction, 28 U.S.C. § 1331.

Kellam first seeks dismissal of plaintiffs' claims against it pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5) for insufficient process and insufficient service of process. Kellam argues that it was not properly served with process because the initials "P.A." were not included after its name on the envelope containing the complaint and summons. (Mot. at 1). The court is unpersuaded. Service of process is not defective "simply because the complaint misnames the defendant in some insignificant way." Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 224

(4th Cir. 1999). In Morrel, the court held that service of process was valid despite plaintiff's failure to include the abbreviation "Inc." after one of the defendant's names. Id. The court reasoned that no one was misled by this failure since the correct party accepted service on behalf of that defendant. Id. Likewise, plaintiffs' failure to add the initials, "P.A." after Kellam's name is insignificant and most importantly, Kellam has not been misled or prejudiced by the omission.

Kellam also seeks dismissal of plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. The complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). If a claim has been adequately stated in the complaint, "it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007). However, the factual allegations in plaintiffs' complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. In reviewing the complaint, the court must construe the facts and draw all reasonable inferences in the light most favorable to the plaintiffs. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

Kellam contends that plaintiffs' complaint should be dismissed against it because the alleged claims are based on the acts or omissions of a Trustee or Substitute Trustee, and Kellam has never acted or been appointed as such for plaintiffs. (Mot. at 2). Kellam points out that plaintiffs have not provided any legal or factual basis to support their contention that Kellam was a Trustee or Substitute Trustee. (Id.). A review of the complaint reveals that plaintiffs have labeled Kellam as "Substitute Trustee" in the initial paragraph, but thereafter have not provided any facts supporting this designation. (See Compl. at 1). Kellam is not listed as a party under the section titled "Parties,"

2

(id. at 2), nor is Kellam mentioned elsewhere in the complaint. Accordingly, Kellam's motion is GRANTED and the complaint will be dismissed as to Kellam.

This 19 February 2008.

　　　　　　　　　　　　　　　　　　　　/s/ W. Earl Britt
　　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge

KME/AHL/MKM